IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-HC-2048-FL

| | | |
|---|---|---|
| JULLIAN TERELL FURR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN JAMEL C. JAMES, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a state inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on respondent's motion to dismiss (DE 23) pursuant to Federal Rule of Civil Procedure 12(b)(6). Petitioner responded in opposition. Also before the court are petitioner's motions for vacant sentence (DE 16, 21, 26, 27), to produce documents (DE 18), to postpone § 2254 (DE 33), for subpoenas (DE 34), for conditional release (DE 36), and to amend (DE 36, 38, 39), and to vacate, set aside, or correct sentence (DE 39). Respondent responded in opposition to all of petitioner's motions except his first and second motions for vacant sentence and motion to postpone. In this posture, the issues raised are ripe for decision.

**STATEMENT OF THE CASE**

On June 6, 2022, petitioner pleaded guilty to one count of second-degree murder. (Pet. (DE 1) at 1; Resp't Mem. Ex. 7 (DE 24-8) at 1). The state trial court sentenced petitioner to a term of 204 to 257 months' imprisonment. (Resp't Mem. Ex. 7 (DE 24-8) at 1). Petitioner did

not appeal. (Pet. (DE 1) at 2). Petitioner also did not file a motion for appropriate relief ("MAR") following his conviction and sentencing. (Pet. (DE 1) at 3–5).

Petitioner filed the instant § 2254 petition on March 2, 2023, alleging the following claims: 1) Naval Criminal Investigative Service ("NCIS") performed an illegal search and seizure by entering petitioner's room before gaining proper permission; 2) petitioner's conviction was unconstitutional were evidence obtained by NCIS in their illegal search and seizure was used to convict him; 3) after petitioner's arrest, law enforcement never read him his Miranda rights and NCIS never read his Article 31 rights; and 4) "violation of Sixth Amendment of United States Constitution," presumably regarding law enforcement questioning petitioner without a lawyer present. (Id. at 5–10; Attach. to Pet. (DE 1-2) at 2–5; Case Background (DE 1-3) at 8–11).

Respondent now moves to dismiss the petition, arguing that the claims are foreclosed because petitioner pleaded guilty, he failed to exhaust state court remedies, he has procedurally defaulted on his claims, and his first and second claims are not reviewable pursuant to Stone v. Powell, 428 U.S. 465, 482 (1976). In support, respondent relies on a memorandum of law and appendix of exhibits thereto comprising state trial court records. Petitioner responded in opposition, relying on a memorandum of law, petitioner's criminal history, and a bank statement from Navy Federal Credit Union.

The court construes petitioner's motions for conditional release and to vacate, filed on April 25 and May 9, 2024, respectively, as motions to amend in part. Petitioner also filed an affidavit in declaration for vacant sentence and motion to amend on May 9, 2024. Respondent responded in oppositions to the motions to amend. Petitioner replied.

2

Case 5:23-hc-02048-FL-RJ    Document 45    Filed 09/30/24    Page 2 of 6

# DISCUSSION

A.  Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[1] "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

Similarly, a motion to dismiss a § 2254 petition "tests the legal sufficiency of the petition, requiring the federal habeas court to assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009); see Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). In ruling on a motion to dismiss, the court looks to the record of the state proceeding, including affidavits and evidence presented in such proceedings, as well as other matters of public record. See, e.g., Cullen v. Pinholster, 563 U.S. 170, 180–81 (2011); Walker, 589 F.3d at 139.

B.  Analysis

The court agrees with respondent that petitioner has failed to exhaust his state remedies. Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement,

---

[1] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

an inmate must fairly present his claims to the state court. A fair presentation to the state court means that the inmate must give the state court one full opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A North Carolina state prisoner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing an MAR and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-31, 15A-1422. A habeas petitioner has the burden of proving that he has exhausted applicable state remedies. See Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994).

Petitioner acknowledges he did not appeal his conviction or sentence, and had not filed "petitions, applications, or motions concerning [his] judgment of conviction in any state court" after receiving the judgment of conviction and prior to filing the instant petition. (Pet. (DE 1) at 2–5). Petitioner further states he has not exhausted his state court remedies because he is currently trying to get back into court but has been frustrated by the court system. (Attach. to Pet. (DE 1-2) at 2–5). Moreover, petitioner's state court filings do not include an appeal of his sentence or conviction, nor an MAR. (Resp't Mem. Ex. 8 (DE 24-9); Resp't Mem. Ex. 9 (DE 24-10)).

Petitioner argues one state court filing, a motion for transcripts that was denied, proves he exhausted his state remedies. (Pet. Mem. (DE 28) at 1-2; Resp't Mem. Ex. 8 (DE 24-9)). However, petitioner's motion only demonstrates he is seeking a transcript to pursue a future post-conviction motion. (Resp't Mem. Ex. 8 (DE 24-9)). Such a motion does not satisfy § 2254's exhaustion requirement. See N.C. Gen. Stat. §§ 7A-31, 15A-1422. Additionally, petitioner contends that the claims in the instant petition were presented to the state trial court

judge in a sealed document prior to conviction. (Pet. Mem. (DE 28) at 2–3). Such a document also fails to meet exhaustion requirements. To the extent petitioner alleges remedies were not available to him in state court, petitioner provides no explanation how remedies were unavailable to him, and in fact the record reflects he has successfully filed other motions in state court. (See Resp't Mem. Ex. 8 (DE 24-9); Resp't Mem. Ex. 9 (DE 24-10)).[2]

C. Motions to Amend

The court now turns to petitioner's motions to amend or supplement the complaint. Where, as here, a party seeks leave to amend more than 21 days after a responsive pleading or Rule 12(b) motion has been filed, the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). With respect to futility, the court may deny leave to amend "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011). Thus, "a proposed amendment is . . . futile if the claim it presents would not survive a motion to dismiss" pursuant to Federal Rule of Civil Procedure 12(b)(6). Save Our Sound OBX, Inc. v. North Carolina Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019).

---

[2] Petitioner's motions for vacant sentence reiterate facts underlying his claims and do not specifically address whether he exhausted his state remedies. (See DE 16, 21, 26, 27).

Here, in his motions to amend petitioner reviews the underlying facts of his original four claims and appears to state the additional following claims: 1) petitioner's arrest warrant was a forgery; 2) his indictment was invalid; and 3) his counsel was ineffective. (First Mot. to Am. Mem. (DE 36-2) at 1–2; Second Mot. to Am. Mem. (DE 38-1) at 1–3; Third Mot. to Am. Mem. (DE 39-2) at 3-5). However, other than the arguments addressed above, petitioner does not address his failure to file an appeal or MAR, exhausting his state remedies. Accordingly, amendment would be futile.

D.  Certificate of Appealability

Having determined the instant petition must be dismissed, the court next considers whether petitioner is entitled to a certificate of appealability. 28 U.S.C. § 2253(c)(2). After reviewing the claims presented in light of the applicable standard, the court finds a certificate of appealability is not warranted. See Buck v. Davis, 580 U.S. 100, 122 (2017); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

## CONCLUSION

Based on the foregoing, respondent's motion to dismiss (DE 23) is GRANTED. Petitioner's motions to amend (DE 36, 38, 39) are DENIED. Petitioner's remaining motions (DE 16, 18, 21, 26, 27, 33, 34, 36, 39) are DENIED as moot. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of September, 2024.

LOUISE W. FLANAGAN
United States District Judge

6

Case 5:23-hc-02048-FL-RJ   Document 45   Filed 09/30/24   Page 6 of 6